## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ ) | | |
| RONALD HEBERT and ) | Case No. _____ | |
| AIME DENAULT On Behalf Of ) | | |
| Themselves and Others Similarly Situated, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| VANTAGE TRAVEL SERVICE, INC. ) | | |
| d/b/a VANTAGE DELUXE WORLD ) | | |
| TRAVEL and VANTAGE ) | | |
| ADVENTURES, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, the defendant Vantage Travel

Service, Inc. d/b/a Vantage Deluxe World Travel and Vantage Adventures ("Vantage Travel")

hereby files this Notice of Removal, removing this action from the Superior Court of the

Commonwealth of Massachusetts, Suffolk County, to this Court.

As grounds for removal, Vantage Travel states as follows:

### The State Court Action

1.      On or about March 10, 2017 the plaintiffs commenced a civil action against

Vantage Travel by the filing of a Complaint with the Suffolk County Superior Court,

Commonwealth of Massachusetts, captioned *Ronald Hebert and Aime Denault On Behalf Of*

*Themselves and Others Similarly Situated v. Vantage Travel Service, Inc. d/b/a Vantage Dexlue*

*World Travel and Vantage Adventures*, Docket No. 1784CV00757 – BLS2.  A true and accurate copy of said Complaint is attached hereto as Exhibit 1.

2.      The Complaint alleges, *inter alia*, that the named plaintiffs and putative class contracted with Vantage Travel for a "5 Star Luxury" river cruise scheduled to commence in July 2016.  (Complaint, Ex. 1, ¶¶ 5-6.)  The Complaint further alleges that the plaintiffs and putative class did not receive a "15 day luxury cruise" but instead received a river cruise of fewer days and a bus trip.  (Complaint, Ex. 1, ¶ 7.)  The plaintiffs bring claims against Vantage Travel for breach of contract (Complaint, Ex. 1, Count I), breach of covenant of good faith and fair dealing (Complaint, Ex. 1, Count II), unjust enrichment (Complaint, Ex. 1, Count III), breach of common law warranties (Complaint, Ex. 1, Count IV), negligent misrepresentation (Complaint, Ex. 1, Count V) and violation of the Massachusetts Consumer Protection Act, G.L. c. 93A, §§ 2 and 9.  (Complaint, Ex. 1, Count VII).

3.      The Complaint specifically seeks class action certification.  (Complaint, Ex. 1, ¶¶ 15-21.)  The Complaint requests, in addition to actual damages sustained by the named plaintiffs and putative class members, treble damages, attorneys' fees, restitution, disgorgement of ill-gotten gains, rescission, and a permanent injunction.

4.      The Complaint was served upon defendant Vantage Travel on April 19, 2017.  A true and accurate copy of the Summons and Return of Service upon Vantage Travel is attached hereto as Exhibit 2.

5.      The state court civil action cover sheet, which is the only other process or paper received by Vantage Travel relative to the state court action, is attached hereto as Exhibit 3.

6.      The parties have agreed to extend the date by which Vantage Travel must answer or otherwise respond to the Complaint to June 1, 2017.  A copy of the letter confirming this extension is attached hereto as Exhibit 4.

**Timeliness of Removal**

7.      Vantage Travel was first served with a copy of the summons and Complaint, which was the initial pleading setting forth the plaintiffs' claim for relief on April 19, 2017.  *See* Exhibit 2.

8.      This Notice is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

**Removal is Appropriate Under the Class Action Fairness Act**

9.      This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, as the state court Complaint seeks class action certification, there are at least 100 prospective class members, there exists minimal diversity between plaintiffs and the defendant, and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.

**a.      The Complaint Seeks Class Certification**

10.      The Complaint filed in the Suffolk Superior Court was filed by the named plaintiffs, Ronald Hebert and Aime Denault, on behalf of themselves and "others similarly situated."  The Complaint asserts various class action allegations (Complaint, Ex. 1, ¶¶ 15-21) and asserts that the Complaint is brought by the plaintiffs on behalf of themselves and on behalf of "all persons who paid for a 15 day cruise, the "Majestic Rivers of Europe," but instead received a 5 day cruise and 8 day bus trip, and/or such other class, classes or sub-classes as certified by the Court."  (Complaint, Ex. 1, ¶ 16.)  The Complaint prays that the court grant class certification allowing the action to proceed as a class action against Vantage Travel.  (Complaint,

Ex. 1, p. 7.)  As such, it is clear the Complaint is a class action as defined under 28 U.S.C. § 1332(d)(1).

### b.       The number of putative class members exceeds 100

11.     While the Complaint is silent as to the number of putative class members, the allegations in the Complaint seek damages for passengers who were to take a river cruise on board the *MS River Voyager* in July 2016 but instead received a bus trip for at least a portion of their trip.  (Complaint, Ex. 1, ¶¶ 5-7.)

12.     The named plaintiffs and the putative class members were all Vantage Travel tour participants who had booked (not including pre-trip and post-trip extensions) either (1) a 17-day/16-night tour, "Majestic Rivers of Europe," which boarded the *MS River Voyager* in Bonn, Germany on July 8, 2016 after arriving into Frankfurt, Germany earlier in the day or (2) an 11-day/10-night tour, "Highlights of the Danube," which was scheduled to board the *MS River Voyager* in Nuremberg, Germany on July 15, 2016 after the tour group arrived in Munich, Germany the previous day and overnighted in a hotel.  (Declaration of Al Dore ["Dore Dec."], Ex. 5, ¶ 4.)

13.     On or about July 14, 2016, the *MS River Voyager* suffered a mechanical failure while docked near Kitzingen, Germany on the River Main, rendering it unfit further to traverse the River Main, the Rhine-Main-Danube Canal and its locks, and the Danube River.  (Dore Dec., Ex. 5, ¶ 5.)  Instead of boarding the vessel in Nuremberg, the "Highlights of the Danube" passengers met the vessel near Kitzingen, and all tour participants (excluding any who may have decided to cancel and return home or travel elsewhere) were taken via motorcoach to most major sightseeing and cultural attractions previously scheduled.  (Dore Dec., Ex. 5, ¶ 5.)  After the *MS River Voyager* was repaired, the passengers boarded it in Budapest, Hungary on July 22, 2016

(the last scheduled night of both itineraries) and the trip, excluding any optional post-trip extensions taken by any of the passengers, concluded on July 23, 2016.  (Dore Dec., Ex. 5, ¶ 5.)

14.     The total number of passengers who boarded or were scheduled to board the *MS River Voyager* totaled 168.  (Dore Dec., ¶ 6.)  None of these 168 passengers were able to continue on the *MS River Voyager* after it suffered its mechanical failure on July 14, 2016 (until it returned to service on July 22, 2016).  (Dore Dec., Ex. 5, ¶ 6.)

15.     Accordingly, it is clear the plaintiffs' proposed class action consists of more than 100 members.  *See* 28 U.S.C. § 1332(d)(5)(B).

### c.     There is minimal diversity of citizenship

16.     The named plaintiff Ronald Hebert is alleged to be a person residing in Baton Rouge, Louisiana.  Upon information and belief, Vantage Travel believes Mr. Hebert to be a citizen of Louisiana at the time the action was commenced and at all times since.

17.     The named plaintiff Aime Denault is alleged to be a person residing in Westminster, Massachusetts.  Upon information and belief, Vantage Travel believes Ms. Denault to be a citizen of Massachusetts at the time the action was commenced and at all times since.

18.     At the time this action was commenced and at all times since, Vantage Travel has been and is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Boston, Massachusetts.  (Dore Dec., Ex. 5, ¶ 3.)  Vantage Travel is thus considered to be a citizen of Massachusetts.  28 U.S.C. § 1332(c)(1).

19.     Because the named plaintiff Ronald Hebert is a citizen of Louisiana and the defendant Vantage Travel is a citizen of Massachusetts, there exists minimal diversity between

the parties, as any member of a class of plaintiffs is a citizen of a State different from any defendant.  28 U.S.C. § 1332(d)(2)(A).

20.      While Vantage Travel does not have in its possession information confirming the citizenship of each member of the prospective class, according to Vantage Travel's records, out of the 168 prospective class members, only four indicated in their booking forms a residential address within the Commonwealth of Massachusetts.  (Dore Dec., Ex. 5, ¶ 10.)   As such, the declination of jurisdiction provisions of 28 U.S.C. §§ 1332(d)(3) and (d)(4) do not apply.

### d.      The aggregated claims of the putative class members exceed $5,000,000

21.      While the defendant Vantage Travel denies liability and will contest both the individual claims as well as class certification and the claims of the putative class, and hereby reserves all rights and defenses regarding any issues pertaining to liability or damages, the aggregated claims of the named plaintiffs and putative class members exceed the sum or value of $5,000,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2).

22.      The plaintiffs' Complaint is silent on the amount of damages it seeks.  In the prayer for relief, in addition to seeking certification of the class, the Complaint demands that the court:

• Award Plaintiffs and Class Members damages in an amount to be determined at trial.

• Enter judgment in favor of Plaintiffs and Class Members and against Defendant in treble the amount of such actual damages, plus interest.

• Award Plaintiffs and Class Members their reasonable attorneys' fees and costs.

• Award restitution.

• Order disgorgement of ill-gotten gains.

• Order rescission.

6

- Issue a permanent injunction to enjoin Defendant from engaging in the conduct described herein.

- Grant any other appropriate injunctive, declaratory and equitable relief.

- Order such other relief as the Court deems just.

(Complaint, Ex. 1, p. 7.)

23.     It is clear that the Complaint seeks actual, compensatory damages for all 168 passengers who were forced to disembark (or who never could embark) the *MS River Voyager* as a result of its suffering a mechanical failure, which would include all expenses associated with the trips in question.

24.     According to the records of Vantage Travel, the total amount of money paid by these 168 putative class members to Vantage Travel for the "Majestic Rivers of Europe" or "Highlights of the Danube Tours" which were to take the *MS River Voyager* totaled $1,136,310. (Dore Dec., Ex. 5, ¶ 7.)  This amount includes (a) the base tour package price; (b) the optional pre-trip and post-trip extensions booked through Vantage Travel; (c) optional roundtrip international airfares from the United States to Europe booked through Vantage Travel; and (d) optional trip cancellation and interruption insurance booked through Vantage Travel.  (Dore Dec., Ex. 5, ¶ 7.)

25.     In addition, 27 of the 168 passengers – including the named plaintiff Ronald Hebert – did not book international air transportation through Vantage Travel.  (Dore Dec., Ex. 5, ¶ 8.)  Thus, the actual damages are increased by the amounts these 27 passengers paid for international airfare.  While the exact amounts paid by these individuals would be in the possession of the putative class members, Vantage Travel estimates that the cost could run from $1000 to $8000 per person or more, depending upon the exact date of departure and class of

7

service selected.  In addition, for these 27 passengers, many (if not most) of these individuals would have paid for hotel rooms at their destinations for one or more nights between arriving in Europe and the day of their tour departure.  The actual number of hotel nights booked and the cost thereof are in possession of the putative class members.

26.      In addition, upon information and belief, all 168 putative class members had miscellaneous expenses incurred as part of their Vantage Travel tour, which may have consisted of ground or air transportation from their home to their international departure city, clothes, food, local transportation in Europe, kennel / pet sitter expenses for family pets, other personal items specifically purchased for the trip, and other miscellaneous expenses.

27.      All told, there is a reasonable probability that the 168 putative class members had additional expenses that were not paid directly to Vantage Travel of at least $120,000, and when combined with the actual amount of money paid to Vantage Travel of $1,136,310, provides an actual damage figure of $1,256,310.

28.      The plaintiffs and the putative class are seeking damages under G.L. c. 93A, and specifically seek an award trebling their actual damages.  Trebled damages are properly considered in determining the amount in controversy for the CAFA.  *See Baker v. Equity Res. Mgmt., L.L.C.*, 966 F. Supp. 2d 1, 7 (D. Mass. 2014) (discussing trebling of damages under Chapter 93A).  Trebled actual damages in this case would amount to $3,768,930.

29.      The Complaint also seeks attorneys' fees.  While attorneys' fees are not normally part of the calculus of the jurisdictional amount, an exception exists if fees are expressly allowed by statute.  *See Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001).   Here, the plaintiffs have asserted a claim under G.L. c. 93A, §§ 2 and 9.  An award of attorneys' fees is expressly provided for in G.L. c. 93A, § 9(4).  Since a typical award of attorneys' fees in a consumer class

action could amount to 1/3 of the recovered damages, a successful attorneys' fees award could add an additional $1,255,054 to the amount in controversy.

30.     The plaintiffs have also requested relief in the form of restitution, disgorgement of ill-gotten gains, rescission, and permanent injunctive relief, all of which add to the amount in controversy in this matter.

31.     Thus, based upon plaintiffs' actual damages, trebled under Chapter 93A and including statutorily-authorized attorneys' fees, Vantage Travel has established that there is a reasonable probability that the amount in controversy in this matter is at least $5,023,984, and thus exceeds the $5,000,000, exclusive of interests and costs, as required by 28 U.S.C. § 1332(d) and the Class Action Fairness Act.

**********

32.     A copy of this Notice will be filed with the Clerk of the Superior Court of Massachusetts, Suffolk County, as required by 28 U.S.C. § 1446(d).

33.     The Civil Cover Sheet and Category Form for this matter are attached as Exhibits 6 and 7 hereto.

Respectfully submitted,
By the defendant,
VANTAGE TRAVEL SERVICE, INC.,
By its attorneys,

*/s/ Rodney E. Gould*
Rodney E. Gould (BBO#205420)
Email:  rgould@smithduggan.com
Robert C. Mueller (BBO#567599)
Email: rob.mueller@smithduggan.com
SMITH DUGGAN BUELL & RUFO LLP
55 Old Bedford Road, Suite 300
Lincoln, MA  01773-1125
Tel:  (617) 228-4400
DATE:  May 19, 2017                     Fax:  (781) 259-1112

## CERTIFICATE OF SERVICE

I, Rodney E. Gould, hereby certify that this document is being filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon those indicated as non-registered participants.

DATED: May 19, 2017

*/s/ **Rodney E. Gould***

_____
Rodney E. Gould