COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT

CIVIL ACTION NO.: 17-0757

Ronald Hebert and Aime Denault On Behalf Of Themselves and Others Similarly Situated,
Plaintiffs

v.

Vantage Travel Service, Inc. d/b/a Vantage Deluxe World Travel and Vantage Adventures,
Defendant

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is a class action lawsuit for monetary and equitable relief arising out of Defendant's breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and violation of the Massachusetts Consumer Protection Act.

### PARTIES

1. The Plaintiff Ronald Hebert is a natural person living at 1438 Dahlia Street, in Baton Rouge, LA.

2. The Plaintiff Aime Denault is a natural person living at 2 Kimberly Lane, in Westminster, MA.

3. Defendant Vantage Travel Service, Inc. d/b/a Vantage Deluxe World Travel and Vantage Adventures ("Vantage" or "Defendant") is a Massachusetts corporation with a principal place of business at 90 Canal Street, Boston, MA 02114.

## **FACTUAL ALLEGATIONS**

4. Vantage is engaged in trade or commerce within the Commonwealth of Massachusetts and operates as, among other things, a seller of travel services.

5. In or about 2016, all Plaintiffs and putative Class Members contracted with Vantage for a "5 Star Luxury" river cruise. The cruise was scheduled to commence in July 2016.

6. Vantage promised "5-Star Luxury" as it advertised and promoted a grand European Tour, the "Majestic Rivers of Europe," ("Tour") with an itinerary that included Austria, Germany, and Hungary.

7. Plaintiffs and Class Members paid for a 15 day luxury cruise the "Majestic Rivers of Europe," aboard the River Voyager, but instead Plaintiffs and Class Members received a 5 day cruise and an 8 day bus trip. In addition, Plaintiffs and Class members were moored at out of the way locations.

8. Defendant has refused to provide refunds to any of the named Plaintiffs.

9. At all material times, Vantage either owned, operated, managed, maintained, or controlled the vessel for the cruise, the MS River Voyager.

10. The Vantage website described the River Voyager as "Vantage's Deluxe state-of-the-art ship" part of "our fleet." The Vantage website also stated "Vantage's new ships are designed to the latest eco-friendly standards."

11. All Plaintiffs and putative Class Members entered into a Tour Participation Agreement ("Agreement") with Vantage. The Agreement failed to disclose and/or failed to adequately disclose essential contract terms including that Vantage did not own, manage or operate its ships; nor did the Agreement disclose and/or adequately disclose the actual owners/operators of the MS River Voyager.

12. Vantage was responsible for having an emergency/contingency plan in place to address events on its ship such as engine failure, but failed to do so.

13. Vantage was responsible for having knowledgeable and qualified representatives/agents on board its ship, but failed to do so.

14. Vantage failed to disclose its lack of an emergency/contingency plan and its lack of knowledgeable and qualified representatives/agents on board the ship.

## CLASS ACTION ALLEGATIONS

15. Plaintiffs are entitled to class action certification pursuant to the provisions of Rule 23 of the Massachusetts Rules of Civil Procedure and/or G.L. c. 93A §9.

16. Plaintiffs bring this action on behalf of themselves individually and on behalf of:

    - all persons who paid for a 15 day cruise, the "Majestic Rivers of Europe," but instead received a 5 day cruise and 8 day bus trip, and/or such other class, classes, or sub-classes as certified by the Court.

17. Plaintiffs do not know the exact number of members of the proposed class(es) since that information is in the control of Defendants.

18. There are questions of law or fact common to the class that predominate over any questions affecting only individual Class Members.

19. Plaintiffs' claims are typical of the claims of the class because all Class Members will be similarly affected by the judgment sought in this action.

20. Plaintiffs will fairly and adequately protect the interest of the Class Members and have retained counsel competent and experienced in class action litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class Members is impracticable. There will be no difficulty in the management of this action as a class action.

## COUNT I
## BREACH OF CONTRACT

22. Plaintiffs and putative Class Members repeat each and every allegation in paragraphs 1 through 21.

23. Plaintiffs, putative Class Members and Vantage had a valid, binding contract.

24. Vantage breached the contract.

25. As a result, Plaintiffs and putative Class Members have been damaged and continue to suffer damage due to Vantage's breach.

26. To the extent Vantage had contracts with third-parties for, among other things, the operation of the MS River Voyager, Plaintiffs and putative Class Members were intended beneficiaries of those contracts.

27. Plaintiffs and putative Class Members are entitled to any and all consequential damages.

## COUNT II
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

28. Plaintiffs and putative Class Members repeat each and every allegation in paragraphs 1 through 27.

29. Vantage was obligated to act in good faith and to deal fairly with Plaintiffs and putative Class Members.

30. Vantage breached the covenant of good faith and fair dealing

31. Plaintiffs and putative Class Members suffered damage as a result of Vantage's breach of the covenant of good faith and fair dealing.

## COUNT III
## UNJUST ENRICHMENT

32. Plaintiffs and putative Class Members repeat each and every allegation in paragraphs 1 through 31.

33. Vantage received payments from Plaintiffs and putative Class Members and has been unjustly enriched to the detriment of Plaintiffs and Class members.

## COUNT IV
## BREACH OF COMMON LAW WARRANTIES

34. Plaintiffs and putative Class Members repeat each and every allegation in paragraphs 1 through 33.

35. Vantage made express and/or implied promises or affirmations including, that it would provide a 15 day luxury cruise aboard a ship that it owned and/or controlled, that it would provide knowledgeable and qualified representatives/agents on board its ship and that it would have an emergency/contingency plan in place to address events on its ship such as engine failure.

36. Vantage breached its common law warranties.

## COUNT V
## NEGLIGENT MISREPRESENTATION

37. Plaintiffs and putative Class Members repeat each and every allegation in paragraphs 1 through 36.

38. Vantage supplied false information to Plaintiffs and putative Class Members including that it would provide a 15 day luxury cruise aboard a ship that it owned and/or controlled, that it would provide knowledgeable and qualified representatives/agents on board its ship and that it would have an emergency/contingency plan in place to address events on its ship such as engine failure.

39. Vantage failed to exercise reasonable care or competence in communicating this information.

40. Plaintiffs and putative Class Members suffered financial loss caused by their justifiable reliance upon the information provided by Vantage.

## COUNT VII
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
### G.L. c. 93A, §§ 2 and 9

41. Plaintiffs and putative Class Members repeat each and every allegation in paragraphs 1 through 40.

42. Defendant's conduct is unfair and deceptive and violates G.L. c. 93A, §§ 2 and 9. This includes, but is not limited to:

   - Failure to disclose and/or failure to adequately disclose Defendant's lack of an emergency/contingency plan and its lack of knowledgeable and qualified representatives/agents on board the ship in violation of 940 CMR 3.16 (2) and 940 CMR 15.04;

   - Use of obscure or complex language in a consumer contract that fails to adequately disclose precise terms and conditions in violation of 940 C.M.R. 3.01;

   - Failure to conspicuously disclose contract terms;

   - Failure to disclose and/or failure to adequately disclose it did not own, manage or operate the ship in violation of 940 CMR 3.16 (2) and 940 CMR 15.04;

   - Failure to disclose and/or failure to adequately disclose the actual owners/operators of the ship in violation of 940 CMR 3.16 (2) and 940 CMR 15.04;

   - Breach of the obligation of good faith and fair dealing by failing to provide full cash refunds;

43. Vantage acted willfully and knowingly.

44. As a result of the foregoing, Plaintiffs and Class Members have suffered injury.

45. Plaintiffs have sent to Vantage by certified mail demands for relief, identifying the claimants and reasonably describing the unlawful and unfair and deceptive acts and practices relied upon, and the damages sustained as a result.

46. Vantage has refused to grant reasonable relief upon demand in bad faith with knowledge or reason to know that its acts and practices complained of violate G.L. c. 93A, § 2.

## PRAYERS FOR RELIEF

Plaintiffs, on behalf of themselves, and on behalf of others similarly situated, hereby demand that the Court:

1. Grant class certification allowing this action to proceed as a class action against Defendant.
2. Award Plaintiffs and Class Members damages in amounts to be determined at trial.
3. Enter judgment in favor of Plaintiffs and Class Members and against Defendant in treble the amount of such actual damages, plus interest.
4. Award Plaintiffs and Class Members their reasonable attorneys' fees and costs.
5. Order restitution.
6. Order disgorgement of ill-gotten gains.
7. Order rescission.
8. Issue a permanent injunction to enjoin Defendant from engaging in the conduct described herein.
9. Grant any other appropriate injunctive, declaratory and equitable relief.
10. Order such other relief as the Court deems just.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted,
By their attorneys,

James L. O'Connor, Jr., Esq. BBO #563450
James M. Galliher, Esq. BBO #561394
C. Deborah Phillips, Esq. BBO #398270
NICKLESS, PHILLIPS and O'CONNOR
625 Main Street
Fitchburg, MA 01420
978-342-4590
joconnor@npolegal.com
jgalliher@npolegal.com
dphillips@npolegal.com

I HEREBY ATTEST AND CERTIFY ON

May 24, 2017, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

8