UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
)
RONALD HEBERT and AIME DENAULT )
on behalf of themselves and others )
similarly situated, )
)
           Plaintiffs, )
)
         v. )
)   Civil Action No. 17-10922-DJC
)
VANTAGE TRAVEL SERVICE, INC. )
d/b/a VANTAGE DELUXE WORLD )
TRAVEL and VANTAGE ADVENTURES, )
)
           Defendant. )
)
)
)

## MEMORANDUM AND ORDER

CASPER, J.                                                                            March 2, 2018

### I.    Introduction

Plaintiffs Ronald Hebert and Aime Denault ("Plaintiffs") have filed this lawsuit against Defendant Vantage Travel Service, Inc. ("Vantage") alleging breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, breach of common law warranties, negligent misrepresentation and violation of the Massachusetts Consumer Protection Act, Mass. Gen. L. c. 93A, §§ 2 and 9. D. 1-1. Vantage has moved to dismiss, or in the alternative, for summary judgment, on the basis of a forum selection clause. D. 7. Plaintiffs have filed a cross-motion to strike portions of the declaration Vantage attached to its motion. D. 14 at 6-7. For the reasons stated below, the Court DENIES both motions.

1

## II. Standard of Review

Courts in this Circuit generally analyze a motion to dismiss on the basis of a forum selection clause as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009). Under Rule 12(b)(6), the Court will dismiss a pleading that fails to include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

When reviewing a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court "may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Trans-Spec Truck Serv. Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008); see also Fed. R. Civ. P. 12(d). The Court may make exceptions for "documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)(quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). If the documents do not fall within this narrow class of exceptions, and the Court nevertheless considers them in deciding the motion, the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion," and the motion "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Under Fed. R. Civ. P. 56, the Court will grant summary judgment where there is no genuine dispute as to any material fact and the undisputed facts demonstrate that the moving party is

entitled to judgment as a matter of law. A disputed fact is material if it has the potential to "affect the outcome of the suit under the applicable law." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)) (internal quotation marks omitted). The movant bears the burden of demonstrating the absence of a genuine issue of material fact, Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000), and the Court will "constru[e] the record in the light most favorable to the non-movant and resolv[e] all reasonable inferences in that party's favor," Prescott v. Higgins, 538 F.3d 32, 39 (1st Cir. 2009).

## III. Factual Background

Vantage is a Massachusetts corporation that operates and sells international travel tours to international customers, with the majority of its customer base in the United States. D. 10 ¶¶ 1-3; D. 18 ¶¶ 1-3. In 2015, Plaintiffs—Hebert, a Louisiana citizen, Denault, a Massachusetts citizen, and other Vantage customers they seek to represent—contracted with Vantage for a "5 Star Luxury" river cruise on the *MS River Voyager* that was set to begin in July 2016 and travel through Austria, Germany and Hungary. D. 1-1 ¶¶ 5-6, 16. Plaintiffs paid for their tickets. D. 1-1 ¶ 7.

Two of Vantage's river tours are implicated in this case: the "Majestic Rivers of Europe" tour, scheduled to be a seventeen-day, sixteen-night tour on the *MS River Voyager* commencing in Bonn, Germany on July 8, 2016, and the "Highlights of the Danube" tour, an eleven-day, ten-night river tour scheduled to board the *MS River Voyager* in Nuremburg, Germany, on July 15, 2016. D. 10 ¶ 9; D. 18 ¶ 9. On or about July 14, 2016, however, the Plaintiffs were directed to disembark the *MS River Voyager*. D. 10 ¶ 13; D. 18 ¶ 13. Vantage alleges—and Plaintiffs dispute—that this disembarkation was due to a mechanical failure on the *MS River Voyager* at this time. D. 10 ¶¶ 13-14; D. 18 ¶¶ 13-14. After disembarking, Plaintiffs were transported by bus for

3

eight days. D. 1-1 ¶ 7; D. 10 ¶¶ 15-16; D. 18 ¶¶ 15-16. Passengers were permitted to board the *MS River Voyager* again on July 22, 2016, in Budapest, Hungary, for the final night of the scheduled cruises. D. 10 ¶ 16; D. 18 ¶ 16. Following the trip, Vantage did not provide refunds to Plaintiffs. D. 1-1 ¶ 8; D. 18 ¶ 30.

Vantage alleges that its general practice at the time was "to provide all passengers, prior to embarkation, the Passenger Ticket Contract which governed all claims or disputes arising out of the ownership and/or operation of riverboats and cruise ships used on tours." D. 9 ¶ 5; D. 10 ¶ 4. Vantage has attached this Passenger Ticket Contract ("PTC"), to its motion, which contains the following provision in bold:

> 25. CHOICE OF FORUM. VENUE FOR ALL DISPUTES ARISING OUT OF THE OWNERSHIP AND/OR OPERATION OF THE SHIP SHALL LIE BEFORE THE COURTS OF ENGLAND AND WALES SITUATED IN LONDON ENGLAND TO THE EXCLUSION OF THE JURISDICTION OF THE COURTS OF ANY OTHER COUNTRY. FOR ALL OTHER DISPUTES ARISING UNDER OR IN RESPECT OF THIS TICKET CONTRACT, VENUE SHALL LIE BEFORE ANY COURT OF COMPETENT JURISDICTION LOCATED IN (A) BOSTON, SUFFOLK COUNTY, COMMONWEALTH OF MASSACHUSETTS, OR (B) MIAMI, DADE COUNTY, STATE OF FLORIDA, OR (C) RENO, WASHOE COUNTY, STATE OF NEVADA, TO THE EXLUSION OF THE COURTS OF ANY OTHER STATE OR COUNTRY, WITH THE CHOICE GIVEN TO THE PARTY INITIATING THE ACTION.

D. 9-1 at 7; see D. 10 ¶ 8; D. 18 ¶ 8. The Plaintiffs deny ever receiving the PTC, and provide two affidavits—Hebert's and Denault's—stating that Vantage did not provide the PTC to them at any time. D. 16 ¶ 5; D. 17 ¶ 5; D. 18 ¶¶ 4, 23-24.

Vantage also alleges that it did not and does not "own, operate, manage or control" the *MS River Voyager* or its employees. D. 10 ¶¶ 10-11. Plaintiffs dispute this allegation, pointing to Vantage's statements on its website describing the "Vantage-owned fleet," and referring to the *MS River Voyager* as part of its fleet. D. 18 ¶¶ 10, 25-29; see D. 15-1 at 1-3.

## IV. Procedural History

Plaintiffs instituted this action in Suffolk Superior Court on or about March 7, 2017. D. 1-3 at 2. Vantage filed a notice of removal pursuant to 28 U.S.C. ¶ 1332(d) on May 19, 2017. D. 1. Vantage has now moved to dismiss, or, in the alternative, for summary judgment. D. 7. The Plaintiffs filed a cross-motion to strike portions of the declaration Vantage attached to its motion. D. 14 at 6-7. The Court heard the parties on the pending motions and took these matters under advisement. D. 24.

## V. Discussion

Vantage has moved to dismiss on the basis that the Plaintiffs' claims are governed by the PTC with a mandatory forum selection clause establishing the courts of England and Wales, situated in London, England, as the exclusive forum for these claims. D. 8 at 1-2. Ordinarily, a motion to dismiss on the basis of a forum selection clause is judged according to a Fed. R. Civ. P. 12(b)(6) standard. See Rivera, 575 F.3d at 15. Here, however, Vantage's motion relies upon a forum selection clause in a document that cannot properly be considered under a Rule 12(b)(6) analysis, as it was neither attached nor incorporated by reference to the Plaintiffs' complaint. See id. at 15-16; Xiao Wei Yang Catering Linkage in Inner Mong. Co. v. Inner Mong. Xiao Wei Yang USA, Inc., No. 15-cv-10114-DJC, 2017 U.S. Dist. LEXIS 17077, at *10 (D. Mass. Feb. 6, 2017); Noel v. Walt Disney Parks & Resorts U.S., Inc., No. 10-40071-FDS, 2011 U.S. Dist. LEXIS 36184, at *9-10 (D. Mass. Mar. 31, 2011). The Court thus cannot address Vantage's motion under the Rule 12(b)(6) framework, and instead reviews its motion under summary judgment standards, in accordance with Rule 12(d). See Rivera, 575 F.3d at 15-16.

### A. There Is a Dispute of Material Fact Regarding the Enforceability of the Forum Selection Clause

Forum selection clauses "should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); see Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572, 574-75 (1995). Courts will thus enforce forum selection clauses unless the objecting party can show:

> (1) the clause was the product of 'fraud or overreaching'; (2) 'enforcement would be unreasonable and unjust'; (3) proceedings 'in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court'; or (4) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'

Huffington v. T.C. Grp., LLC, 637 F.3d 18, 23 (1st Cir. 2011) (quoting Bremen, 407 U.S. at 15, 18) (internal citations omitted) (alteration in original). A reasonable "nonnegotiated forum selection clause in a form ticket" may be enforced even if the ticket is a contract of adhesion and the clause was not the subject of bargaining. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593 (1991); Rivera, 575 F.3d at 19.

To be deemed reasonable—and, therefore, enforceable—courts may consider whether the forum selection clause was "both (1) substantively reasonable in its terms and (2) reasonably communicated to the passenger." Metcalf v. Bay Ferries Ltd., 937 F. Supp. 2d 147, 158 (D. Mass. 2013); see Gibson v. Ecoquest, Inc., No. 16-2702, 2017 U.S. Dist. LEXIS 104233, at *9-10 (D.P.R. July 5, 2017). A court may refuse to enforce a forum selection clause in a ticket contract as unreasonably communicated where, for instance, passengers received their tickets long after purchase and shortly before embarking on the trip, as such delivery does not provide the passenger with sufficient opportunity to repudiate the contract. See Casavant v. Norwegian Cruise Line, Ltd., 63 Mass. App. Ct. 785, 787, 798 n.17 (2005) (refusing to enforce forum selection clause where the plaintiffs were provided with the contract terms a year after booking and less than two

weeks before the cruise's scheduled departure); cf. Ameral v. Intrepid Travel Party, Ltd., 128 F. Supp. 3d 382, 398 (D. Mass. 2015) (distinguishing facts from Casavant and enforcing forum selection clause where terms were emailed to the plaintiff "promptly after her purchase and over three months before her trip, affording her a reasonable opportunity to reject the contract and cancel her plans").

Plaintiffs do not argue that the forum selection clause here is substantively unreasonable, but that they cannot be bound by the forum selection clause in their PTC because "Vantage Travel failed to provide Plaintiffs with the PTC which contained the purported forum selection clause." D. 14 at 3. Plaintiffs note that Vantage does not affirmatively state that it provided the document to Plaintiffs, arguing only that it is "standard business practice" to do so prior to embarkation. Id.; see D. 9 ¶ 5. For its part, Vantage notes that Plaintiffs' supporting affidavits do not state that that Hebert and Denault never received the PTC, but rather state only that Vantage never provided it to them. D. 22 at 2; see D. 16 ¶¶ 5-6; D. 17 ¶¶ 5-6.

The dispute over whether Plaintiffs ever received the PTC is a dispute of material fact warranting denial of summary judgment and Vantage has not satisfied its burden of showing otherwise. In Noel, the court granted the defendants' motion to dismiss despite the plaintiffs' argument that there was "no evidence that they in fact received" the document containing the forum selection clause because that argument was contrary to the record, which confirmed that plaintiffs had received the document. Noel, 2011 U.S. Dist. LEXIS 36184, at *20-21. Here, however, the record is not clear, apart from a declaration about Vantage's standard business practice, that this PTC was provided to these Plaintiffs. It is true that the Plaintiffs may be bound by the PTC's terms even if they did not read them. See, e.g., id. at *19; DeNicola v. Cunard Line, Ltd., 642 F.2d 5, 11 (1st Cir. 1981). Here, however, the primary question is not whether the

7

Plaintiffs received the PTC and failed to read its contents, but rather whether they ever received it in the first place.[1]

Although the presumption of enforceability of forum selection clauses is strong, the Court cannot hold at this time that the PTC's forum selection clause is enforceable in light of the unanswered question of whether the PTC was delivered to the Plaintiffs. The burden is on Vantage to show that there is no material factual dispute and it has failed, at this juncture, to do so.

Vantage filed this motion less than two weeks after filing the notice of removal to federal court. See D. 1; D. 7. Although Plaintiffs were put on notice of Vantage's summary judgment intentions at the time of Vantage's filing, parties have had minimal time to conduct discovery. The Court thus denies the motion for summary judgment without prejudice. To the extent that Vantage is seeking limited discovery in regard to this motion, see D. 22 at 3, the Court denies that request and shall instead hold a scheduling conference and consider the proposal of the parties about a schedule for discovery which may include an early phase of discovery focused on this issue.

**B.     The Scope of the Forum Selection Clause**

The parties also dispute whether the forum selection clause, if enforceable, governs the action here by its terms. D. 8 at 9-11; D. 14 at 4-5. In general, if the central cause of action to a case falls within a forum selection clause's purview, all "claims involving the same operative facts" will also be subject to its terms. See Rivera, 575 F.3d at 24 (quoting Lambert v. Kysar, 983 F.2d 1110, 1121-22 (1st Cir. 1993)) (internal quotation marks omitted). Thus, here, if the

---

[1] Vantage also argues that the Plaintiffs may be bound by the PTC's terms even if the PTC was provided to "a member of a traveling group (or other agent)" and not the Plaintiffs themselves. D. 22 at 2 n.2. Even if the Court were willing to accept such a proposition, Vantage has failed to provide any evidence that the PTC was indeed provided to "a member of the traveling group" here. Allegations that Vantage generally provides the PTC to travelers prior to embarkation is insufficient at this time.

Plaintiffs' core causes of action "aris[e] out of the ownership and/or operation of the ship," D. 9-1 at 7, all causes of action fall within the scope of the PTC's forum selection clause.

Based on the limited record at this time, it may likely be that the entire case would be governed by the forum selection clause, if enforceable. Although the parties dispute whether Vantage is the true owner of the *MS River Voyager*, see D. 10 ¶¶ 10-12; D. 18 ¶¶ 10-12, and exactly what sequence of events required the disembarkation of all of its passengers, see D. 10 ¶¶ 13-14; D. 18 ¶¶ 13-14, "operation of the ship" appears sufficiently broad to include engine failure or any other malfunction that required that the travelers disembark the vessel. Plaintiffs are also seeking actual damages for costs incurred as a result of the shortened trip and the allegedly inadequate contingency plan, which both pertain to engine failure or similar malfunctions. D. 1-1 ¶¶ 11-14; D. 1-1 at 8. Thus, although the Court declines to decide the issue at this time on an undeveloped record, to the extent the PTC's forum selection clause is enforceable here, it is likely that the clause will govern this case.

C. **Plaintiffs' Motion to Strike**

Plaintiffs have filed a motion to strike paragraphs ten, eleven, fourteen, fifteen, and twenty though twenty-two of the declaration of Al Dore.[2] D. 14 at 6-7. These portions of the declaration address the ownership of the *MS River Voyager*, D. 9 ¶ 10, the purported ship malfunction that caused the disembarkation, D. 9 ¶ 11, and the location of the persons and documents relevant to

---

[2] The Court reasonably assumes that Plaintiffs seek to strike the second of Dore's affidavits. Plaintiffs do not provide a docket number corresponding with the document they seek to strike, and Dore has filed two declarations in this litigation, D. 1-5; D. 9. References to paragraphs ranging from ten to twenty-two, however, suggest Plaintiffs are focused on Dore's later declaration, submitted in support of Vantage's pending motion, D. 9, because his declaration attached to the notice for removal, D. 1-5, only reaches paragraph ten, whereas the later declaration reaches paragraph fifteen. Vantage, in its reply, also focuses solely on the later declaration. D. 22 at 7.

that malfunction, D. 9 ¶¶ 14-15.  Since the Court has not relied upon these portions of the affidavit in resolving this motion for summary judgment, the Court DENIES the motion to strike as moot. See 4 MVR, LLC v. Warren W. Hill Constr. Co., No. 12-10674-DJC, 2016 U.S. Dist. LEXIS 124108, at *28 (D. Mass. Sept. 13, 2016); Shaulis v. Nordstrom Inc., 120 F. Supp. 3d 40, 45 n.2 (D. Mass. 2015), aff'd 865 F.3d 1 (1st Cir. 2017).

## VI.   Conclusion

For the foregoing reasons, the Court DENIES Vantage's motion to dismiss, or in the alternative, for summary judgment, D. 7, without prejudice.  The Court also DENIES Plaintiffs' cross-motion to strike portions of the Dore's declaration, D. 14 at 6-7, as moot.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge