# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____ )
RONALD HEBERT and                         )     Case No. 1:17-cv-10922-DJC
AIME DENAULT On Behalf Of                 )
Themselves and Others Similarly Situated, )
                                          )
            Plaintiffs,                   )
                                          )
v.                                        )
                                          )
VANTAGE TRAVEL SERVICE, INC.              )
d/b/a VANTAGE DELUXE WORLD                )
TRAVEL and VANTAGE                        )
ADVENTURES,                               )
                                          )
            Defendant.                    )
_____ )

## DEFENDANT'S ANSWER TO THE COMPLAINT

Vantage Travel Service, Inc. d/b/a Vantage Deluxe World Travel and Vantage

Adventures ("Vantage Travel"), by and through its undersigned counsel, hereby answers the

Complaint of the plaintiffs as follows:

## PARTIES

1.      Vantage Travel is without knowledge or information sufficient to form a belief as

to the allegations in paragraph 1 of the Complaint, and therefore denies the same.

2.      Vantage Travel is without knowledge or information sufficient to form a belief as

to the allegations in paragraph 2 of the Complaint, and therefore denies the same.

3.      Vantage Travel admits the allegations in paragraph 3 of the Complaint.

**FACTUAL ALLEGATIONS**

4.      Vantage Travel admits the allegations in paragraph 4 of the Complaint.

5.      Vantage Travel admits that the plaintiffs and the putative class booked one of two separate river cruise packages, not including optional pre-trip and post-trip extensions, namely (1) a 17-day/16-night tour, "Majestic Rivers of Europe," which boarded the river boat *MS River Voyager* in Bonn, Germany on July 8, 2016 after arriving into Frankfurt, Germany earlier in the day or (2) an 11-day/10-night tour, "Highlights of the Danube," which was scheduled to board the river boat *MS River Voyager* in Nuremberg, Germany on July 15, 2016 after the tour group arrived in Munich, Germany the previous day and overnighted in a hotel.  Vantage Travel is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5 of the Complaint, and therefore denies the same.

6.      Vantage Travel denies the allegations in paragraph 6 of the Complaint.

7.      Vantage Travel admits that the plaintiffs and the putative class booked one of two separate river cruise packages, not including optional pre-trip and post-trip extensions), namely (1) a 17-day/16-night tour, "Majestic Rivers of Europe," which boarded the river boat *MS River Voyager* in Bonn, Germany on July 8, 2016 after arriving into Frankfurt, Germany earlier in the day or (2) an 11-day/10-night tour, "Highlights of the Danube," which was scheduled to board the river boat *MS River Voyager* in Nuremberg, Germany on July 15, 2016 after the tour group arrived in Munich, Germany the previous day and overnighted in a hotel.  Vantage Travel further admits that on or about July 14, 2016, the riverboat used for these trips, the *MS River Voyager*, through no fault of Vantage Travel, suffered a mechanical failure and passengers continued with their trip via motorcoach. Vantage Travel is without knowledge or information sufficient to form

a belief as to the remaining allegations in paragraph 7 of the Complaint, and therefore denies the same.

8.      Vantage Travel denies the allegations in paragraph 8 of the Complaint.

9.      Vantage Travel denies the allegations in paragraph 9 of the Complaint.

10.      Vantage Travel is without knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint, and therefore denies the same.

11.      Vantage Travel admits that the plaintiffs and putative class members agreed to the terms of both a Tour Participation Agreement and Passenger Ticket Contract.  Vantage Travel denies the remaining allegations in paragraph 11 of the Complaint.

12.      Vantage Travel admits that it has contingency plans in the event issues arise with transportation providers.  Vantage Travel denies the remaining allegations in paragraph 12 of the Complaint.

13.      Vantage Travel denies the allegations in paragraph 13 of the Complaint.

14.      Vantage Travel denies the allegations in paragraph 14 of the Complaint.

## CLASS ACTION ALLEGATIONS

15.      Vantage Travel denies the allegations in paragraph 15 of the Complaint.

16.      Vantage Travel denies the allegations in paragraph 16 of the Complaint, and specifically denies that plaintiffs' class designation is appropriate.

17.      Vantage Travel admits that it has information pertaining to the number of passengers who were on board the *MS River Voyager*.  Vantage Travel denies the remaining allegations in paragraph 17 of the Complaint, and specifically denies that the requirement of numerosity has been met for class certification under Fed. R. Civ. P. 23.

18.     Vantage Travel denies the allegations in paragraph 18 of the Complaint, and specifically denies that the requirement of commonality has been met for class certification under Fed. R. Civ. P. 23.

19.     Vantage Travel denies the allegations in paragraph 19 of the Complaint, and specifically denies that the requirement of typicality has been met for class certification under Fed. R. Civ. P. 23.

20.     Vantage Travel denies the allegations in paragraph 20 of the Complaint.

21.     Vantage Travel denies the allegations in paragraph 21 of the Complaint.

**COUNT I**
**BREACH OF CONTRACT**

22.     Vantage Travel repeats each and every response to paragraphs 1 thorough 21 of the Complaint as if fully set forth herein.

23.     Vantage Travel admits that the plaintiffs and putative class members agreed to the terms of the Tour Participation Agreement and the Passenger Ticket Contract and those terms constitute a valid contract between the parties.  Vantage Travel denies any remaining allegations contained in paragraph 23 of the Complaint.

24.     Vantage Travel denies the allegations in paragraph 24 of the Complaint.

25.     Vantage Travel denies the allegations in paragraph 25 of the Complaint.

26.     Vantage Travel denies the allegations in paragraph 26 of the Complaint.

27.     Vantage Travel denies the allegations in paragraph 27 of the Complaint.

**COUNT II**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

28.     Vantage Travel repeats each and every response to paragraphs 1 thorough 27 of the Complaint as if fully set forth herein.

29.     The allegations in paragraph 29 appear to state a question of law to which no response from Vantage Travel is necessary.  To the extent a response from Vantage Travel is required, Vantage Travel denies that it breached any obligation to act in good faith or to deal fairly with plaintiffs and/or putative class members.

30.     Vantage Travel denies the allegations in paragraph 30 of the Complaint.

31.     Vantage Travel denies the allegations in paragraph 31 of the Complaint.

## COUNT III
## UNJUST ENRICHMENT

32.     Vantage Travel repeats each and every response to paragraphs 1 thorough 31 of the Complaint as if fully set forth herein.

33.     Vantage Travel admits that plaintiffs and putative class members paid varying amounts for their respective trips.  Vantage Travel denies the remaining allegations in paragraph 33 of the Complaint.

## COUNT IV
## BREACH OF COMMON LAW WARRANTIES

34.     Vantage Travel repeats each and every response to paragraphs 1 thorough 33 of the Complaint as if fully set forth herein.

35.     Vantage Travel denies the allegations in paragraph 35 of the Complaint.

36.     Vantage Travel denies the allegations in paragraph 36 of the Complaint.

## COUNT V
## NEGLIGENT MISREPRESENTATION

37.     Vantage Travel repeats each and every response to paragraphs 1 thorough 36 of the Complaint as if fully set forth herein.

38.     Vantage Travel denies the allegations in paragraph 38 of the Complaint.

39      Vantage Travel denies the allegations in paragraph 39 of the Complaint.

40.     Vantage Travel denies the allegations in paragraph 40 of the Complaint.

**COUNT VII**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT**
**G.L. c. 93A, §§ 2 and 9**

41.     Vantage Travel repeats each and every response to paragraphs 1 thorough 40 of the Complaint as if fully set forth herein.

42.     Vantage Travel denies the allegations in paragraph 42 of the Complaint.

43.     Vantage Travel denies the allegations in paragraph 43 of the Complaint.

44.     Vantage Travel denies the allegations in paragraph 44 of the Complaint.

45.     Vantage Travel admits that it has received various written demands for relief which purport to fulfill the requirements of G.L. c. 93A.  Vantage Travel denies the remaining allegations in paragraph 45 of the Complaint.

46.     Vantage Travel denies the allegations in paragraph 46 of the Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint, and each and every count thereof, fails to state a cause of action upon which relief may be granted.

**Second Affirmative Defense**

Litigation is improper in this forum due to a valid and enforceable forum selection clause designing the courts of England and Wales situated in London, England as the proper forum to hear this dispute, to the exclusion of the jurisdiction of courts of any other country.

**Third Affirmative Defense**

The plaintiffs and the putative class members are not entitled to relief against Vantage Travel pursuant to disclaimers of liability present in the terms and conditions governing the trip.

**Fourth Affirmative Defense**

This action is not properly maintainable as a class action, because plaintiffs cannot establish all the elements necessary for class certification in that, among other things: common issues of fact or law do not predominate, to the contrary, individual issues predominate; plaintiffs' claims are not representative or typical of the claims of the putative class; plaintiffs are not proper class representatives; plaintiffs and alleged putative class counsel are not adequate representatives for the alleged putative class; there does not exist a well-defined community of interest as to the questions of law and fact involved; the putative class is sufficiently manageable without implementing the class action mechanism and, therefore, it is not the superior method for adjudicating this dispute.

**Fifth Affirmative Defense**

The Complaint should be dismissed based upon the doctrine of *forum non conveniens* in favor of a forum located in London, England or, alternatively, Germany.

**Sixth Affirmative Defense**

Any injuries or damages claimed by the plaintiffs or putative class members were caused, in whole or in part, by the negligence or other culpable conduct of third parties over whom Vantage Travel had no control or right to exercise such control.

### Seventh Affirmative Defense

Vantage Travel is not liable for any injuries or damages claimed by the plaintiffs or the putative class members since the injuries and damages were the result of a superseding or intervening cause.

### Eighth Affirmative Defense

The plaintiffs and putative class members, or some of them, have reached an accord and satisfaction with Vantage Travel over their respective claims.

### Ninth Affirmative Defense

The actions of the crew and employees of the *MS River Voyager* were either the proximate cause or the sole proximate cause of the incident resulting in the alleged damages allegedly suffered by the plaintiffs and/or putative class members.

### Tenth Affirmative Defense

The plaintiffs have failed to join all necessary and indispensible parties in some or all of the causes of action who would be responsible, in whole or in part, for the damages alleged including, *inter alia*, the vessel *MS River Voyager* and its owners and/or operators.

### Eleventh Affirmative Defense

This action is not properly maintainable as a class action because plaintiffs' claims are unique to the plaintiffs, or each of them, so they are incapable of adequately representing the putative class.

## Twelfth Affirmative Defense

Class or subclass certification would be inappropriate due to conflicts of interest between plaintiffs, or each of them, and putative class or subclass members, or between and among putative class or subclass members.

## NOTICE OF DETERMINATION OF INTERNATIONAL TREATY/FOREIGN LAW

Pursuant to Fed. R. Civ. P. 44.1, Vantage Travel hereby notifies the Court and the parties that the terms of the Strasbourg Convention and/or the statutory and general maritime law of England and/or Germany may apply to some or all of the claims and defenses presented in this action, both as to liability and damages.

## JURY TRIAL

The defendant, Vantage Travel, hereby demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the defendant Vantage Travel respectfully requests that this Honorable Court enter judgment dismissing the Complaint, and each and every count thereof, together with the costs and disbursements of this action including, but not limited to, attorneys' fees; that the class action allegations be stricken from the complaint; that the Court deny class certification of this action; and for such other and further relief as this Court determines just and proper.

Respectfully submitted,
By the defendant,
VANTAGE TRAVEL SERVICE, INC.,
By its attorneys,

*/s/ Rodney E. Gould*

_____
Rodney E. Gould (BBO#205420)
Email:  rgould@smithduggan.com
Robert C. Mueller (BBO#567599)
Email:  rob.mueller@smithduggan.com
SMITH DUGGAN BUELL & RUFO LLP
55 Old Bedford Road, Suite 300
Lincoln, MA  01773-1125
Tel:  (617) 228-4400
Fax:  (781) 259-1112

DATED:  March 19, 2018

## CERTIFICATE OF SERVICE

I, Rodney E. Gould, hereby certify that this document is being filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon those indicated as non-registered participants.

DATED:  March 19, 2018

*/s/ Rodney E. Gould*

_____
Rodney E. Gould