# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSCHUSETTS

| | |
|---|---|
| RONALD HEBERT and AIME DENAULT On Behalf Of Themselves and Others Similarly Situated,<br>    Plaintiffs<br><br>v.<br><br>VANTAGE TRAVEL SERVICE, INC. D/B/A VANTAGE DELUXE WORLD TRAVEL and VANTAGE ADVENTURES,<br>    Defendant | Case No. 1:17-cv-10922-DJC |

### SUPPLEMENTAL AFFIDAVIT OF PATRICK J. OSBORNE IN SUPPORT OF PLAINITIFFS' MOTION TO SUPPLEMENT RECORD CONCERNING THEIR MOTION TO STRIKE/PARTIAL SUMMARY JUDGMENT

I, Patrick J. Osborne, hereby depose and state as follows:

1. I am an attorney duly admitted to practice law in the Commonwealth of Massachusetts and the U.S. District Court for the District of Massachusetts. I represent the named Plaintiffs and others similarly situated in the above captioned case against Defendants Vantage Travel Service, Inc. d/b/a Vantage Deluxe World Travel and Vantage Adventures (collectively, "Vantage").

2. I make this Affidavit in support of Plaintiff's Motion to Supplement Record Concerning Their Motion To Strike/Partial Summary Judgment.

3. Attached as Exhibit D are true and accurate copies of Excerpts of the deposition transcript of Plaintiff Ronald Hebert.

Signed under the penalties of perjury this 13th day of March, 2019.

_____
Patrick J. Osborne

# EXHIBIT D

RONALD M. HEBERT                                       February 20, 2019
HEBERT vs VANTAGE TRAVEL SERVICE                                       1

```
                                              Pages 1-124
                                              Exhibits 1-11
            UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF MASSACHUSETTS
            CASE NO. 1:17-CV-10922-DJC
*************************************************
Ronald Hebert and Aime Denault on behalf of
themselves and others similarly situated,
         Plaintiffs
vs.
Vantage Travel Service, Inc.
d/b/a Vantage Deluxe World Travel and
Vantage Adventures,
         Defendants
*************************************************
            Deposition of Ronald Hebert
            Wednesday, February 20, 2019
      Law Offices of Smith Duggan Buell & Rufo, LLP
            55 Old Bedford Road, Suite 300
            Lincoln, Massachusetts 01734
            ------Kristen C. Krakofsky------
                     Court Reporter
                         Esquire
```



800.211.DEPO (3376)
EsquireSolutions.com

1    Q.    But as you went into your own private area
2  of the website that had your booking information,
3  were there any links that said click here to
4  download the itinerary or the brochure or any
5  language like that?
6    A.    I don't recall that, no.
7          MR. MUELLER:  Could I have this marked
8  as Exhibit 2.
9          (Exhibit 2, Passenger Ticket Contract,
10 marked for identification.)
11   BY MR. MUELLER:
12   Q.    Okay.  Mr. Hebert, you have in front of you
13 a document marked Exhibit 2.  It's from a
14 declaration which was filed in this case back in
15 June 2017.  It's entitled "Passenger Ticket
16 Contract."  I'm not going to ask you to read through
17 this word for word.  But if you could just take a
18 look at this, my question to you is whether you have
19 seen this document before.
20   A.    I have not.  This was not on the website.
21   Q.    So this was on not on the website.  You do
22 not recall downloading anything that looked like
23 this?
24   A.    No.
25   Q.    And your travel agent did not provide



1  something that looked like this to you?
2      A.   No.
3      Q.   Okay.  Is it possible that your travel
4  agent had this document and just never gave it to
5  you?
6      A.   I couldn't answer that.  I would be
7  surprised, though.  She is pretty efficient.
8      Q.   And I take it that you never received
9  anything that looked like Exhibit No. 2 prior to
10 boarding the River Voyager?
11     A.   No.
12          MR. MUELLER:  I'm like this marked as
13 Exhibit 3.
14          (Exhibit 3, affidavit, marked for
15 identification.)
16     BY MR. MUELLER:
17     Q.   Mr. Hebert, before you, marked as
18 Exhibit 3, is an affidavit you filed in this lawsuit
19 back on July 11, 2017, and it's concerning the
20 passenger ticket contract, which we marked as
21 Exhibit 2 earlier.
22          My question to you on this affidavit is in
23 paragraph 6 you state that Vantage never provided
24 the PTC -- the abbreviation for passenger ticket
25 contract -- to any other passenger prior to

