UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RONALD HEBERT and AIME DENAULT, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 17-10922-DJC |
| VANTAGE TRAVEL SERVICE, INC. d/b/a VANTAGE DELUXE WORLD TRAVEL and VANTAGE ADVENTURES, | ) ) ) ) | |
| Defendant. | ) | |

## SUPPLEMENTAL ORDER ON PLAINTIFFS' MOTION TO COMPEL

June 18, 2019

DEIN, U.S.M.J.

### I. INTRODUCTION

Pursuant to this court's Order (Docket No. 108) on "Vantage Travel Service, Inc.'s

Motion for Leave to File Under Seal and for a Protective Order" (Docket No. 81) and "Plaintiffs'

Motion to Compel Responses to Requests for Production of Documents, Supplemental Answers

to Interrogatories and to Produce a Witness for Deposition" (Docket No. 82), the defendant has

submitted three sets of ship meeting notes to this court for an *in camera* review. The

defendant asserts attorney-client privilege as to two of the three documents and has produced

the third document with substantial redactions on the basis of relevancy and confidentiality.

This court concludes that the documents provided for *in camera* review are not protected by

attorney-client privilege. The court further concludes, however, that the defendant may redact

portions of the unproduced documents that contain irrelevant confidential information.

Accordingly, as detailed in this court's prior Order (Docket No. 108) and as further outlined

herein, the plaintiffs' motion to compel is ALLOWED IN PART and DENIED IN PART.

## II. <u>DISCUSSION</u>

The subject of the instant litigation is a luxury river cruise organized by the defendant in

July of 2016. The documents provided to this court for *in camera* review consist of notes from

three meetings held by the defendant in its Boston office in the summer of 2016. For each

document, the defendant has highlighted in yellow the portion(s) that it believes are relevant to

the incident at issue in this litigation. The defendant produced the meeting notes from August

5, 2016 in redacted form to the plaintiffs, but has withheld the meeting notes from July 21,

2016 and August 11, 2016 in their entirety. The primary basis for withholding the latter two

sets of notes appears to be the presence of the defendant's then-general counsel at those

meetings.

As the First Circuit has explained, the "essential elements" of attorney-client privilege

consist of the following:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his
> capacity as such, (3) the communications relating to that purpose, (4) made in
> confidence (5) by the client, (6) are at his instance permanently protected (7) from
> disclosure by himself or by the legal adviser, (8) except the protection be waived.

<u>Cavallaro v. United States</u>, 284 F.3d 236, 245 (1st Cir. 2002) (internal citation omitted). While

the privilege may be applied to communications between corporate officers and in-house

counsel, it does not apply "when in-house counsel is engaged in nonlegal work." <u>United States</u>

<u>v. Windsor Capital Corp.</u>, 524 F. Supp. 2d 74, 81 (D. Mass. 2007) (internal quotations and

citation omitted); <u>see</u> <u>City of Springfield v. Rexnord Corp.</u>, 196 F.R.D. 7, 9 (D. Mass. 2000) ("an

in-house lawyer may wear several other hats (e.g., business advisor, financial consultant) and because the distinctions are often hard to draw, the invocation of the attorney-client privilege may be questionable in many instances"). The defendant has the burden of establishing that the privilege applies to the documents at issue. Windsor Capital Corp., 524 F. Supp. 2d at 81.

Here, the July 21, 2016 meeting notes contain two lines relevant to the incident at issue in this litigation, which were highlighted in yellow by the defendant for this court's *in camera* review. The first line merely summarizes what occurred during the cruise and the second line contains business advice. Similarly, the August 11, 2016 meeting notes summarize the status of an expert investigation solicited by the defendant and do not pertain to legal advice. While general counsel for the defendant was present at both meetings, there is no indication from the highlighted portion of the meeting notes that he rendered legal advice pertinent to the incident. Accordingly, the defendant must produce both the July 21, 2016 meeting notes and the August 11, 2016 meeting notes.

The defendant also contends that the vast majority of the two withheld sets of meeting notes, as well as the redacted portion of the third set of notes, contain confidential business and financial information that is not relevant to the instant litigation. This court agrees. The meeting notes largely discuss business matters that are entirely separate from the incident at issue. They involve financial, strategic, and other confidential information. Thus, the defendant's redactions of the August 5, 2016 meeting notes were proper and the defendant may redact the non-highlighted portions of the July 21, 2016 and August 11, 2016 meeting notes accordingly.

## IV.  <u>CONCLUSION</u>

In accordance with the prior order of this court (Docket No. 108) and this order, "Plaintiffs' Motion to Compel Responses to Requests for Production of Documents, Supplemental Answers to Interrogatories and to Produce a Witness for Deposition" (Docket No. 82) is ALLOWED IN PART and DENIED IN PART as detailed herein.

<u>/ s / Judith Gail Dein</u>
Judith Gail Dein
United States Magistrate Judge